IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. HASKINS,     )
  on behalf of himself and  )
  all others similarly     )
  situated,                )
                       )
            Plaintiff,    )
                       )
         vs.            )  Civil Action No. 09-754
                       )
VIP WIRELESS CONSULTING,   )
                       )
          Defendant.    )
                       )

## MEMORANDUM OPINION

Pending before the Court is a motion to dismiss the Complaint filed by Defendant VIP Wireless Consulting ("VIP Wireless") pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). For the reasons discussed below, the motion is denied.

## I.   BACKGROUND[1]

Plaintiff Michael J. Haskins filed suit in this Court on June 11, 2009, on behalf of himself and all others similarly situated, alleging that Defendant VIP Wireless had violated the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), regarding payment of overtime wages.

VIP Wireless markets telecommunications equipment such as cellular telephones and related services for national companies such as Sprint and Nextel. Mr. Haskins was employed as an inside

---

[1]   The facts in this section are taken from the Complaint.

sales representative by Defendant at its office in Monroeville, Pennsylvania, from November 15, 2007, through January 12, 2009. Mr. Haskins received a salary of $1,600 per month plus commissions. Plaintiff alleges that he was not a decision-maker relative to policy or practices of the company, did not exercise independent discretion, did not supervise two or more employees, or meet any of the other criteria for an administrative exemption from the overtime provisions of the FLSA.

For the first three months of Mr. Haskins's employment, VIP Wireless did not use a time clock or other means of documenting hours worked. After a clock was installed, Mr. Haskins properly recorded all hours worked and those documents have been retained in Defendant's files. Mr. Haskins alleges that the standard minimum work week at VIP Wireless was 43 hours and that he normally worked approximately 62 hours each week. However, he was paid nothing for the time he was required to work regularly in excess of 40 hours per week. According to Mr. Haskins, Defendant has been aware of this violation since at least June 2006.[2]

Plaintiff alleges that VIP Wireless also failed to pay overtime to more than one hundred sales representatives in its various offices in the Pittsburgh and Philadelphia areas, New Jersey, Atlanta, Georgia, and Miami, Florida who were also paid on

---

[2] This date accurately reflects the allegation in the Complaint (¶ 42), but according to other allegations (e.g., ¶ 4), Plaintiff was not employed by VIP Wireless at that time; he does not explain the basis for this assertion.

the basis of salary plus commission and were also "non-exempt" employees as that term is understood under the FLSA.

In his Complaint, Mr. Haskins seeks, for himself and others similarly situated, overtime wages due; interest, liquidated damages and penalties on the wages due; and costs and reasonable attorneys' fees.

On September 4, 2009, Defendant filed a motion to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and Sections 2 and 4 of the Federal Arbitration Act, 9 U.S.C.A. §§ 2 and 4.  VIP Wireless contends that under the provisions of the company's employment manual, Plaintiff is compelled to participate in mandatory and binding arbitration with regard to his claims.  (Doc. No. 9.)  Consequently, this Court lacks subject matter jurisdiction.  In the alternative, Defendant seeks to have the complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[3]

## II.  JURISDICTION AND VENUE

Jurisdiction of this court is appropriate under 28 U.S.C. § 1331 as provided in the FLSA at 29 U.S.C. § 216(b).  Venue is appropriate here inasmuch as the actions alleged to be unlawful

---

[3]  In the memorandum of law in support in support of Defendant's motion to dismiss, VIP Wireless also argues that the complaint must be dismissed under Federal Rule of Civil Procedure 8.  Although Rule 8 is not identified in the motion itself as the basis of Defendant's motion, this argument is addressed below for the sake of completeness.

were committed in and around Pittsburgh, Pennsylvania, where Defendant maintains an office. 28 U.S.C. § 1391(b)(2).

## III. **ANALYSIS**

### A.   Motion to Dismiss under Rule 12(b)(1)

1.   *Applicable Law:*   Federal Rule of Civil Procedure 12(b)(1) provides in pertinent part that a party may move to dismiss a complaint for lack of subject matter jurisdiction. Such a motion questions the court's "very power to hear the case." Mortensen v. First. Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). As the United States Court of Appeals for the Third Circuit explained in Mortensen, a motion under Rule 12(b)(1) may be described either as "facial," that is, one which attacks the complaint on its face or, alternatively, as "factual," one which attacks subject matter jurisdiction as a matter of fact. Petruska v. Gannon Univ., 462 F.3d 294, 302, n.3 (3d Cir. 2006), *cert. denied*, 550 U.S. 903 (2007). When a motion under Rule 12(b)(1) is filed prior to the defendant filing an answer to the complaint, it is, by definition, a facial attack. Nelson v. Pennsylvania Dep't of Pub. Welfare, 244 F. Supp.2d 382, 386 (E.D. Pa. 2002); *see also* Mortensen, 549 F.2d at 891, n.17 (a "factual jurisdictional proceeding cannot occur until plaintiff's allegations have been controverted.")

When considering a facial attack on the question of subject-matter jurisdiction, the court's review is limited to "the

allegations on the face of the complaint, taken as true, and any documents referenced in the complaint, viewed in the light most favorable to the plaintiff." <u>Church of the Universal Bhd. v. Farmington Twp. Supervisors</u>, No. 07-4021, 2008 U.S. App. LEXIS 21961, *4-*5 (3d Cir. Oct. 20, 2008), *citing* <u>Mortensen</u>, <u>id.</u>, and <u>Turicentro, S.A. v. Am. Airlines, Inc.</u>, 303 F.3d 293, 300 (3rd Cir. 2002). "'The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.'" <u>Church of the Universal Bhd.</u>, <u>id.</u> at *5, *quoting* <u>Stalley v. Catholic Health Initiatives</u>, 509 F.3d 517, 521 (8th Cir. 2007), *in turn citing* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007).

In this case, Plaintiff has the burden of showing that jurisdiction is proper in this Court. <u>Rudolph v. Adamar of N.J., Inc.</u>, 153 F. Supp.2d 528, 533 (D. N.J. 2001) (the party invoking the court's jurisdiction bears the burden of persuasion when the subject matter jurisdiction of the court is challenged); <u>Mortensen</u>, 549 F.2d at 891. A complaint under facial attack may be properly dismissed "only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . .is wholly insubstantial and frivolous.'" <u>Kehr Packages v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1408-09 (3d Cir. 1991), *quoting* <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946); *see also* <u>Iwanowa v. Ford Motor Co.</u>, 67 F.

Supp.2d 424, 438 (D. N.J. 1999) (such a complaint should be dismissed "only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.") Finally, the Third Circuit Court of Appeals has warned district courts against treating a motion under Rule 12(b)(1) identically to one brought under Rule 12(b)(6) and reaching the merits of the claim, noting that "the standard for surviving a Rule 12(b)(1) motion is lower than that for a 12(b)(6) motion." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

   2. *Basis of Defendant's Motion:* VIP Wireless argues that the Complaint must be dismissed because Plaintiff's claims are subject to a mandatory arbitration agreement which is incorporated into the company's 2007-2008 Employee Policy and Procedure Manual ("Employee Manual.") A provision set out in paragraph 13 of the Employee Manual states:

> Any controversy or claim arising out of or relating to the employment relationship created between the employer (VIP Wireless) and employee (you). . .shall be settled by arbitration in accordance with the Arbitration Rules of the American Arbitration Association, with such arbitration to take place in the County of Philadelphia, Pennsylvania with an agreed upon arbitrator.

(Memorandum of Law in Support of Defendant['s]. . .Motion to Dismiss, Doc. No 10, "Def.'s Memo," at 3-4; *see also* Employee Manual, attached thereto as Exhibit B.)

   Defendant argues that every new employee received a copy of

the Employee Manual and was required to return a signed and dated copy of an acknowledgment form to his or her supervisor as a prerequisite for employment. Since Plaintiff's claims are based on the alleged failure of VIP Wireless to pay overtime wages for hours worked in excess of 40 hours per week, they clearly pertain to the employment relationship between the two parties and, in fact, the Employee Manual explicitly discusses work hours and overtime pay for both hourly and salaried employees. Where an employee is bound by a valid agreement to arbitrate and all his claims fall within the substantive scope of the agreement, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and controlling case law require the court to dismiss the action. (Def.'s Memo at 4-6, *citing* <u>Seus v. John Nuveen & Co., Inc.</u>, 146 F.3d 175, 179 (3d Cir. 1998), *cert. denied*, 525 U.S. 1339 (1999), and <u>PaineWebber v. Hartmann</u>, 921 F.2d 507, 510-511 (3d Cir. 1990), *o'ruled on other grounds by* <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 85 (2002).)

Unfortunately, as VIP Wireless concedes, when the Monroeville office where Mr. Haskins worked was closed, Plaintiff's signed acknowledgment form, as well as the forms of other employees, appears to have been misplaced. Therefore, Defendant is unable at this time to prove that Mr. Haskins did, in fact, agree to arbitration. (Def.'s Memo at 5.)

3. *Plaintiff's Response:* Mr. Haskins contends that VIP Wireless has provided no proof that a signed agreement to arbitrate

7

exists and thus, as a matter of law, he need not respond further to this argument. (Plaintiff's Response to Defendants' [sic] Motion to Dismiss, Doc. No. 18, "Plf.'s Resp.," at 1.)   However, he provides an affidavit averring that he never received or signed an arbitration agreement, therefore, no such agreement is applicable and this Court has jurisdiction.   (Id. at 3, see also Exhibit A thereto.)[4]

   4.  *Discussion and Conclusion:*   In support of argument that every potential employee must sign and return the relevant form, Defendant provides affidavits from a VIP Wireless district manager and an "Indirect Account Executive" from Sprint, both affirming that Plaintiff did, in fact, receive a copy of the Employee Manual and returned an executed acknowledgment of receipt. (*See* Defendant's Reply Brief, Doc. No. 19, at 3, "Def.'s Reply," and Exhibit A thereto.)

As noted above, when the defendant has not yet filed an answer, the court is limited in its consideration of a Rule 12(b)(1) motion to the allegations in the complaint and any documents referred to therein.   Plaintiff neither refers to nor relies on the Employee Manual in his Complaint, thus the Court may not consider it at this time.   Likewise, the affidavits are outside

___

[4]   We recognize the inconsistency between Plaintiff's response to the motion to dismiss in which he states that he never received or signed the *acknowledgment form* and his affidavit in which he states that he did not recall receiving or signing an *arbitration agreement*. However, as discussed above, the affidavit cannot be considered at this point in the litigation.

8

the current scope of consideration.  *See* <u>Pagan v. New Wilson's Meats, Inc.</u>, CA No. 08-0751, 2008 U.S. Dist. LEXIS 63584, *4-*5 (E.D. Pa. Aug. 19, 2008), noting that where the defendants provided affidavits in support of their Rule 12(b)(1) motion, implying that they were making a factual challenge, the procedural posture of the case, i.e., prior to the filing of an answer, precluded the court from considering the affidavits.

Defendant's motion to dismiss under Rule 12(b)(1) is therefore denied without prejudice.

B.   <u>Motion to Dismiss under Rule 12(b)(6)</u>

1.  *Applicable Law:*  In the aftermath of <u>Bell Atl. Corp. v. Twombly</u>, *supra*, <u>Ashcroft v. Iqbal</u>, __ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and the Third Circuit Court of Appeals' interpretation of those two cases in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224 (3d Cir. 2008), and more recently in <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203 (3d Cir. 2009), the pleading standards which allow a complaint to withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) have taken on slightly new parameters.

In <u>Fowler</u>, the Court of Appeals noted that following <u>Twombly</u> and <u>Iqbal</u>, conclusory "bare-bones" allegations that "the defendant unlawfully harmed me" no longer suffice.  A civil complaint must now include "'sufficient factual matter' to show that the claim is facially plausible."  <u>Fowler</u>, 578 F.3d at 210; *see also* <u>Twombly</u>,

550 U.S. at 555, holding that a complaint which offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." The <u>Fowler</u> court further noted that

> after <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." This "plausibility" determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

<u>Fowler</u>, 578 F.3d at 210-211 (other internal quotations and citations omitted.)

       2. *Basis of Defendant's Motion:* VIP Wireless argues that at all times during his employment, Mr. Haskins was considered a salaried employee. The Employee Manual clearly distinguishes between "non-exempt (hourly) employees" and "exempt (salaried) employees" who are exempt from the overtime pay provisions of the FLSA. (Def.'s Memo at 7-8, *see also* Employee Manual, ¶ 4.6.) In fact, Plaintiff admits in his Complaint that he "was paid a salary of $1,600/month plus commissions." (*See* Complaint, ¶ 15.) As an exempt employee, he was expected to work more than 40 hours per

week and, in fact, some overtime work was "built into" his compensation package. Therefore, Plaintiff was not entitled to receive premium overtime, straight overtime, or compensatory time for work in excess of the usual work week. (Def.'s Memo at 8-10.)

In its reply brief to Plaintiff's response to the motion to dismiss, VIP Wireless further argues that Mr. Haskins's failure to deny or otherwise address the argument that he was exempt from the overtime provisions of the FLSA acts as an admission because under Rule 8(b)(6), an allegation is admitted if a responsive pleading is required and the allegation is not denied. In light of this admission, the Complaint must be dismissed with prejudice. (Reply Brief at 1-3.)

3. *Plaintiff's Response:* In his response to the motion to dismiss pursuant to Rule 12(b)(6), Plaintiff argues that "the complaint is replete with facts supporting the claim." (Plf.'s Resp. at 4, identifying factual allegations.) In a sur-reply brief, Mr. Haskins concedes that he did not explicitly deny that he was a salaried employee exempt from the FLSA overtime provisions, but points out that he had previously stated in the Complaint itself that he was non-exempt; his failure to deny the contention that he was salaried in his response to the motion to dismiss "does not make a nullity of the assertions made in the Complaint." (Doc. No. 22 at 1.)

4. *Discussion and Conclusion:* Again, at this point in

11

the litigation, we decline to consider the Employee Manual as VIP Wireless urges.  We agree there may be an inconsistency between Plaintiff's allegation in paragraph 15 of the Complaint that he was "paid a salary" and his contentions elsewhere (e.g., ¶¶ 23, 27, 28, 29, 41, 53) that he was not exempt from FLSA overtime provisions. However, whether an employee is exempt from overtime provisions is a mixed question of law and fact to be resolved by the court.  Hein v. PNC Fin. Servs. Group, Inc., 511 F. Supp.2d 563, 570 (E.D. Pa. 2007).  This analysis requires the court to review the historical or record facts and apply all inferences drawn from those facts in favor of the plaintiff.  In doing so, the court must narrowly construe the FLSA provisions against the employer seeking to assert the exemptions.  See Hein, id., and Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp.2d 493, 499 (D. N.J. 2000) (determining the exempt or non-exempt status of any particular employee "is extremely individual and fact-intensive" and requires "a careful factual analysis of the full range of the employee's job duties and responsibilities.")

We conclude such a detailed, fact-intensive analysis is impossible at this stage of the litigation.  We also decline to dismiss the Complaint because Plaintiff failed to explicitly re-affirm in the response to Defendant's motion that he was non-exempt, given the numerous references to that status in the Complaint.  Defendant's motion to dismiss under Rule 12(b)(6) is

therefore denied without prejudice.

    C.   <u>Motion to Dismiss under Rule 8</u>

       1.   *Applicable Law:* Federal Rule of Civil Procedure 8(a) requires that a pleading which "states a claim for relief must contain:. . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief." The Rule further provides that "[e]ach allegation must be simple, concise, and direct" but "[n]o technical form is required." Fed. R. Civ. P. 8(d).

       In <u>McTernan v. City of York</u>, 564 F.3d 636 (3d Cir. 2009), the Court of Appeals, relying extensively on <u>Twombly</u> and on its earlier analysis in <u>Phillips</u>, recently summarized its standard of review for a motion to dismiss under Rule 8. Succinctly stated, the Court noted that in <u>Twombly</u>, the Supreme Court had reconfirmed the Rule 8 requirements summarized just above. It continued,

> [h]owever, a plaintiff's Rule 8 obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. In other words, Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level. Rule 8(a)(2) requires that the plain statement possess enough heft to show that the pleader is entitled to relief.
>
> A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. The Supreme Court's <u>Twombly</u> formulation of the pleading standard does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

<u>McTernan</u>, 564 F.3d at 646 (internal quotations omitted); *see also*

Twombly, 550 U.S. at 553-557, and Phillips, 515 F.3d at 231-234.

The Supreme Court also revisited Rule 8 in Iqbal v. Ashcroft,
supra, where it identified two principles which underlie Rule 12
and Rule 8:

> First, the tenet that a court must accept as true all of
> the allegations contained in a complaint is inapplicable
> to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere
> conclusory statements, do not suffice. . . .Rule 8. .
> .does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions. Second, only
> a complaint that states a plausible claim for relief
> survives a motion to dismiss. Determining whether a
> complaint states a plausible claim for relief will. . .
> be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common
> sense. But where the well-pleaded facts do not permit
> the court to infer more than the mere possibility of
> misconduct, the complaint has alleged - but it has not
> "show[n] that the pleader is entitled to relief." Fed.
> Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (other citations omitted).

2. *Basis of Defendant's Motion:* VIP Wireless argues
that Plaintiff's complaint "fails to clear even [the] modest
hurdle" of Rule 8, relying instead on the type of legal conclusions
and blanket assertions rejected in Twombly. The claims are
"riddled with conclusory allegations as opposed to factual
allegations," and Mr. Haskins has failed to plead facts to support
the requisite elements of his claim. Therefore, the Complaint
should be dismissed. (Def.'s Memo at 10-12.)

3. *Plaintiff's Response:* Mr. Haskins argues simply that
"[t]here are far more facts contained within [his] complaint than

14

are required by FRCP 8." (Plf.'s Resp. at 4.)

      4. *Discussion and Conclusion:* Under Third Circuit case law handed down since <u>Twombly</u>, the Court of Appeals has made it clear that a court considering a motion to dismiss must still "accept the truth of all factual allegations. . . and must draw all reasonable inferences in favor of the non-movant." <u>Guirguis v. Movers Specialty Servs.</u>, No. 09-1104, 2009 U.S. App. LEXIS 21229, *6 (3d Cir. Sept. 24, 2009). While the "plaintiff may use legal allegations to provide the structure for the complaint, the. . . factual content must independently 'permit the court to infer more than the mere possibility of misconduct.'" <u>Id.</u>, *quoting* <u>Iqbal</u>, 129 S. Ct. at 1950.

    When we apply the <u>Iqbal</u> two-step analysis and disregard the legal conclusions, we are still left with the following facts: Mr. Haskins was employed by VIP Wireless as an inside salesperson, he worked an average of 62 hours each week, and he did not receive any overtime pay for time worked in excess of 40 hours per week.[5] If Mr. Haskins' position was not exempt from the overtime provisions of the FLSA - a question which cannot be answered at this time - then the facts are sufficient to show that he has a "plausible claim for relief." *See* <u>Iqbal</u>, 129 S. Ct. at 1950. Drawing on our "judicial experience and common sense" as directed in <u>Iqbal</u>, we

---

    [5] Defendant does not raise any objections to the class action allegations state in the complaint, therefore, we do not consider that aspect of the Complaint at this time.

15

find the Complaint has enough "heft" to show Plaintiff is entitled to relief.  Moreover, "[d]ismissal on Rule 8 grounds is 'usually reserved for those cases in which the complaint is so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.'"  <u>Young v. Centerville Clinic, Inc.</u>, CA No. 09-325, 2009 U.S. Dist. LEXIS 111893, *7 (W.D. Pa. Dec. 2, 2009), <i>quoting</i> <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).  We conclude that this is not an instance in which "the factual detail. . .is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  <u>Phillips</u>, 515 F.3d at 233.  Defendant's motion to dismiss under Rule 8 is therefore denied.

An appropriate Order follows.

December 7th, 2009

_____
William L. Standish
United States District Judge